Drake, Ch. J.,
delivered the opinion of the court:
On the 30th of October, 1863, the claimant was the owner of ten bales of cotton, stored in a warehouse in the town of Apalachicola, Fla., at the mouth of the Apalachicola River. On that day the United States ship of war Somerset sent boats to the town, which found and captured the said cotton, and the same was sent thence to Key West, and delivered to the prize commissioner appointed by the district court of the United States for the southern district of Florida. Proceedings were instituted in said court against the cotton as maritime prize, and it was condemned and sold as such, and the proceeds, $2,487.39, paid into the Treasury, one-half to the credit of the naval pension fund, and the other half to the credit of the captors. Subsequently orders were given by the Navy Department for the distribution of the latter half among the captors, which-was doubtless made, though the fact is not shown by direct proof.
Upon this state of facts the sole question of law arising is, whether the decree of condemnation by the district court bars the claimant’s right to recover in this action the proceeds of the cotton. The answer to this depends upon whether that court had jurisdiction of the cotton as maritime prize. If it had, the claimant has no remedy here; if not, he is entitled to ■ recover.
That this question is examinable and determinable here cannot be doubted; for no rule of law is better settled than that, the jurisdiction of any court, exercised in any case, may be assailed in other courts in which its proceedings are relied on by a party claiming the benefit of them, (Elliott v. Pearsol, 1 *290 Pet., p. 338; Shriver v. Lynn, 2 How., p. 43;) and if there be found in them a total want of jurisdiction, they may, by the court in which they are questioned, be rejected as a nullity, conferring no right and affording no justification. (Thompson v. Tolmie, 2 Pet., p. 157; Voorhees v. Bank United States, 10 ibid., p. 449.)
In examining the question of the jurisdiction of the district court, we find it, as we conceive, practically settled by the decision 'of the Supreme Court in the case of Mrs. Alexander’s Cotton, (2 Wall., p. 404,) where the following points were ruled:
1. That there is no authority to condemn any property as prize, for the benefit of the captors, except under the law of the country in whose service the capture is made.
2. That the whole of such authority found in the legislation of the United States is contained in the second section of the Act July 17, 1862, uJFor the better government of the Navy,” (12 Stat. L., p. 606,) which is in these words : “That the proceeds of all ships and vessels, and the goods taken on board of them, which shall be adjudged good prize, shall, when of equal or superior force to the vessel or vessels making the capture, be the sole property of the captors; and when of inferior force, shall be divided equally between the United States and the officers and men making the capture.”
3. That said act excludes property on land from the category of prize for the penefit of captors.
4. That the disposition of lawfully-captured property, which is not by law for the benefit of the captors, is controlled by the law relating to such property; which is the Captured or abandoned property act March 12, 1863, which required property captured on land to be turned over to the Treasury agents or the proper officers of the courts.
In view of these rulings, we cannot avoid the conclusion that the district court of Florida had no jurisdiction whatever of the cotton in question as maritime prize. By the transcript of the record of the case it clearly appears that that court was fully advised that the capture was made on land bordering upon inland waters. Whether, therefore, that court be regarded as one of general, or as one of special and limited, jurisdiction, it appears upon the face of its record that it was without authority to condemn the cotton as prize. Its whole action in that regard was therefore coram nonjudice and void.
*291 It follows that the claimant’s right to recover here the proceeds of the sale of his cotton is not impaired by anything done by that court.
Those proceeds have gone into the Treasury. The fact that they were passed there, in part to the credit of the naval pension fund, and in part to the credit of, and have been paid to, the captors, does not affect his title to them, for no title can be devested through judicial proceedings which are unauthorized by law. •
Judgment will be rendered in favor of the claimant for the net proceeds of the cotton, amounting to $2,487.39.
Nott, J., did not sit in this case, and took no part in the decision.